## LIABILITY UNDER BOND OF A VILLAGE CLERK.

Circuit Court of Hamilton County.

GEORGE SAUER AND GEORGE HACK v. VILLAGE OF MADISONVILLE.

Decided, February 29, 1908.

*Fiduciary Bonds—Duties of Village Clerk—Sureties of, not Liable for Failure to Account for Assessments Collected Under Authority of an Ordinance—Section 1762.*

The collection and disbursement of street assessments is not a statutory duty of a village clerk or a duty pertaining to his office, and where such service is performed by him under authority of an ordinance his sureties are not liable for his failure to account for such collections, when the condition of the bond is that he will "faithfully perform the duties of the office of clerk of said village during his continuance in said office for said term."

*W. A. Hicks* and *W. F. North*, for plaintiffs in error.
*L. A. Ireton* and *W. M. Schoenle*, contra.

SMITH J.; SWING, P. J., and GIFFEN, J., concur.

The condition of the bond sued upon in this case is:

"Now, if the said Bennett Carter shall faithfully perform the duties of the office of clerk of said village during his continuance in said office for said term, then this obligation shall be void, otherwise it will and remain in full force and effect."

In *State v. Griffith*, 74 O. S., 80, it is decided:

"A public officer is personally and may be even criminally liable for malfeasance in office; but the sureties on his official bond are answerable only within the letter of their contract for faithful performance of his official duties, and not for dereliction outside the limits of his official duties."

The question is, does or does not the bond in this case come within the terms of this decision? We are of opinion that it does.

In *State v. Carter*, 67 O. S., 422, while the Supreme Court of Ohio holds that Carter was legally chargeable with the funds collected by him under the ordinances passed by the village

council of Madisonville, and if he fraudulently converted them to his own use he was guilty of embezzlement under the provisions of Section 6841, yet in their opinion the court say that "the moneys which came into his possession, custody and keeping while he was village clerk, were moneys which he had collected and received under the provisions of said ordinances and not in the discharge of any purely statutory duty imposed upon him." Further on in its opinion the court say that "the clerk was an officer of the village and not of the state, and while his general duties are defined by statute, it is within the legitimate exercise of municipal authority to add other duties, which are not inconsistent with the statutory duties, and which relate solely to the local affairs of the corporation."

We do not think this new duty imposed upon Carter was one pertaining to his office as clerk that might be prescribed by council as provided in Section 1762. In holding Carter guilty of embezzlement the court say:

"That he availed himself of the provisions of the ordinances so far as to receive from the village tax-payers sums of money which they were required to pay within a certain period to avoid certification of the same by him to the county auditor."

In becoming surety for Carter, the bondsmen were only liable in case Carter "failed to faithfully perform the duties of the office of clerk of said village." And this no doubt would include such other duties "pertaining" to his office as council might prescribe. The duty of collecting and disbursing the assessments set out in the ordinance was not a duty imposed upon him by statute, or one pertaining to his office as village clerk. His appointment and selection for this purpose was as though the village council had selected any other individual, and under the terms of the bond such duties were not included.

We are of opinion, therefore, that the court erred at the close of the defendant in error's testimony below to grant the motion of the plaintiffs in error to arrest the testimony from the jury and instruct a verdict for the plaintiffs in error.

Judgment reversed.